IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MERCHANT GUY LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**REUVEN CYPERS d/b/a THE MERCHANT GUYS,**<br><br>    **Defendant.** | Case No. 16-CV-2590-JAR |

## ORDER

WHEREAS, Plaintiff Merchant Guy LLC ("Merchant Guy") and Defendant Reuven Cypers doing business as The Merchant Guys ("Cypers") has agreed in a separate Confidential Settlement Agreement dated December 20, 2016, to settle the matters in issue between them and has further stipulated to entry of this Consent Judgment and Permanent Injunction, it is hereby **ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### Findings of Fact and Conclusions of Law

1. This Court has jurisdiction over the subject matter and personal jurisdiction over the Parties to this action, and venue is proper in this District.

2. Plaintiff is a credit card processing company. The primary service it provides is electronic processing of credit card transactions, but it also offers a wide variety of other, related services. These services include processing electronic check payments, designing and developing mobile applications to be used by others for mobile marketing purposes, providing account reporting services, online shopping cart integration services, invoicing services, and electronic data storage services. Notably, Plaintiff provides these services to clients throughout the United States, Canada, and in many other countries.

3. As long as Plaintiff has been in business, it has actively marketed and promoted all of the above services under the trademarks MERCHANTGUY and MERCHANTGUY.COM (the "MERCHANTGUY Marks") through a variety of media. Indeed, Plaintiff has spent considerable time, resources, money, and effort developing distinctive and effective marketing strategies, forms of advertisement, and slogans, all featuring the MERCHANTGUY Marks, in order to promote its many services in interstate commerce.

4. By virtue of Plaintiff's extensive sales, advertising, and promotion of its services under the MERCHANTGUY Marks in interstate commerce, Plaintiff has acquired extensive common-law trademark rights to its MERCHANTGUY Marks throughout the United States. In the minds of Plaintiff's customers, potential customers, and even members of the general public, the MERCHANTGUY Marks specifically bring to mind the Plaintiff and its services listed above, and the favorable recognition and substantial goodwill that is associated with the Plaintiff.

5. In addition to Plaintiff's common law rights in both MERCHANTGUY Marks as described in paragraph 10, Plaintiff also owns U.S. Reg. No. 3678811 covering MERCHANTGUY.COM for "providing electronic processing of credit card and electronic check payments." This registration is presently alive, in good standing, unrevoked, and uncancelled. The certificate of registration for MERCHANTGUY.COM® is attached to this Complaint as Exhibit A, and it is *prima facie* evidence of Plaintiff's ownership of MERCHANTGUY.COM®, the validity of that mark, and Plaintiff's exclusive right to use the mark in connection with the services identified therein. Plaintiff has also filed a use-based application for the federal registration of MERCHANTGUY for "invoicing services, account reporting services, online shopping cart integration services, design and development of mobile applications for mobile marketing use by others, and electronic data storage." This application is currently pending as Ser. No. 87035099.

2

6. At all relevant times, Plaintiff has continuously, actively, and prominently promoted the MERCHANTGUY Marks in all of its Internet and print advertisements and promotional materials. Accordingly, the MERCHANTGUY Marks serve to identify Plaintiff as the source of the services on which they are used.

7. Defendant markets and sells credit card processing services, and other related services, via a website that the Defendant owns and operates. ("Defendant's Website"). A true and accurate printout of that website is attached to the Complaint as Exhibit B.

8. The trademark THE MERCHANT GUYS (sometimes displayed with spaces, and sometimes without) (the "Infringing Mark") is prominently displayed throughout the Defendant's Website. The Infringing Mark is contained in the domain name of the Defendant's Website, and is displayed dozens of times in the content of the various individual webpages at the Defendant's Website.

9. Through Defendant's Website, Defendant offers and sells credit card processing services, as well as similar, related services such as processing electronic check payments and providing businesses with electronic payment options for customers' mobile devices. Notably, these services marketed under the Infringing Mark on Defendant's Website is identical or highly similar to the services offered by Plaintiff, putting Defendant in direct competition with Plaintiff. As a result, consumers are likely to be confused such that they will erroneously believe that Defendant is affiliated, connected, or associated with, or in some way related to, Plaintiff and its credit card processing services sold under the MERCHANTGUY Marks.

**Permanent Injunction**

1. The Parties have reached a Confidential Settlement Agreement dated December 20, 2016.

2. Subject to Paragraph 2 and the terms of the parties' Confidential Settlement Agreement, Cypers, and each of his agents, servants, employees, and all persons in active

3

concert or participation with him, directly or indirectly, and each of them are hereby permanently enjoined and restrained from:

    a. any further use of the MERCHANTGUY Trademarks, or any colorable imitation thereof;

    b. making reference to or otherwise using the words MERCHANTGUY, MERCHANT GUYS, and THE MERCHANT GUYS in any manner, including on his websites, online sales listings, social media, and in all other advertising or promotional materials related to and used for Cypers' business, including, but not limited to, social media, meta tags, and advertising keywords;

    c. adopting any trademark that is confusingly similar to Merchant Guy's Trademarks; and

    d. contesting, challenging or otherwise directly or indirectly interfering with the ownership or validity of Merchant Guy's Trademarks.

3. Cypers will, at his own cost, do all acts and provide Merchant Guy with all documents necessary or desirable to transfer to Merchant Guy within ten (10) business days of the Effective Date the domain name www.themerchantguys.com

4. Judgment is hereby entered against Cypers in the amount of $25,000 (twenty-five thousand dollars, U.S.).

5. Except for any matters arising out of a violation of this Consent Judgment, Merchant Guy does hereby release Cypers including any agents, servants, employees, and all persons in active concert or participation with him, from any and all actions and causes of action, claims, demands, damages, attorney's fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown, that Merchant Guy has or may have against Cypers.

6. Cypers does hereby release Merchant Guy including any subsidiaries, divisions or associated organizations, and also including any of its present officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages, attorney's fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown that Cypers has or may have against Merchant Guy.

7. Each party shall bear its own attorney's fees and costs associated with this action.

8. The prevailing party shall be entitled to allowable costs and reasonable attorney fees associated with any action to enforce this Consent Judgment, or any action arising out of a violation of this Consent Judgment.

9. This Final Consent Judgment shall bind and inure to the benefit of all Parties hereto, and all their assigns and successors in interest.

10. Upon entry of the Final Consent Judgment, the parties' monetary claims will be withdrawn and the Complaint in this action shall be dismissed with prejudice.

Jurisdiction is retained by this Court with respect to this civil action for purpose of enabling Merchant Guy to apply to this Court at any time for such further orders and directions as may be necessary and appropriate in order to carry out the provisions of this Consent Judgment, and for the enforcement and compliance therewith.

**IT IS SO ORDERED.**

Dated: January 23, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE